UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAROSA R. CARSON,                                    **REPORT AND**
                                                     **RECOMMENDATION**
                        Plaintiff,

v.

GROVE ROOFING SERVICES, INC.,                        08-CV-0362A(M)

                        Defendant.
_____

This action was referred to me by Hon. Richard J. Arcara for supervision of pretrial proceedings, including "hearing and disposition of all non-dispositive motions" and "hear[ing] and report[ing] upon dispositive motions" (Dkt. #5). Before me is plaintiff's motion to dismiss her case (Dkt. #14). For the following reasons, I recommend that plaintiff's motion be GRANTED.

## BACKGROUND

Plaintiff commenced this employment discrimination action pursuant to Title VII of the Civil Rights Act of 1964, *pro se* (Dkt. #1). Defendant answered the complaint and did not counterclaim (Dkt. # 4). Shortly after the Fed. R. Civ. P. ("Rule") 16(b) conference was conducted and I entered the Case Management Order,[1] plaintiff moved to dismiss the case, stating that "I am pursuing this case with the New York Division of Human rights. I have a

---

[1] At the Rule 16(b) conference James Hartt, Esq., appeared as plaintiff's attorney (Dkt. #12). However, he later advised the court that he would not be representing plaintiff in this case.

hearing on October 15th and 16th 2008. I can not [sic] pursue in two court [sic] at one time" (Dkt. #14, Plaintiff's Affidavit, ¶2).

Defendant opposes the motion, arguing that it is procedurally defective insofar as it was not served on defendant and that plaintiff's affidavit is "not acknowledged" (Dkt. #16, Defendant's Response, ¶9). Defendant further argues that "if the Plaintiff were allowed to withdraw the Federal lawsuit without the benefit of counsel and without counsel making that application, the Defendant may be faced in the future with the potential to rekindle or re-file that lawsuit based upon the Plaintiff's lack of legal advice to file the motion to dismiss the lawsuit by an unacknowledged Affidavit" (Id. at ¶11).

## DISCUSSION AND ANALYSIS

Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." "Although voluntary dismissal without prejudice is not a matter of right . . . , the presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer *substantial prejudice* as a result." Gap, Inc. v. Stone Intern. Trading, Inc., 169 F.R.D. 584, 588 (S.D.N.Y. 1997), aff'd., 125 F.3d 845 (2d Cir. 1997) (emphasis added).

Defendant relies primarily on the prospect of plaintiff re-filing this suit as a basis for the denial of the motion. However, "it has been frequently held that the mere prospect of a second lawsuit following a voluntary dismissal without prejudice does not constitute plain legal prejudice." 8 Moore's Federal Practice (Third Ed. 2008), § 41.40[5][c]. Therefore, I conclude that defendant has not established that the dismissal will result in substantial prejudice.

Defendant's claim that motion is procedurally defective is similarly meritless. Plaintiff's affirmation in support of the motion, which was subscribed by her under the penalty of perjury, is legally sufficient. See 28 U.S.C. §1746. Although the plaintiff's motion was not accompanied by a certificate of service indicating that it was served upon defendant, defendant did receive a copy of the motion when it was docketed on CM/ECF, and was able to respond to the motion.

Therefore, plaintiff's failure to serve defendant with a paper copy of the motion at the time she submitted her motion to the court was a "harmless error" which must be disregarded under Rule 61 ("unless justice requires otherwise, no error . . . by the court or a party – is ground for . . . disturbing a judgment or order. At every stage of the proceeding, the court *must* disregard all errors and defects that do not affect any party's substantial rights") (emphasis added).

## CONCLUSION

For these reasons, I recommend that plaintiff's motion (Dkt. #14) be GRANTED. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge

in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.

**SO ORDERED.**

DATED:      October 29, 2008

　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　JEREMIAH J. MCCARTHY
　　　　　　　　　　　　　　　　　United States Magistrate Judge